KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BUILDING
238 ARCHBISHOP F.C. FLORES STREET
HAGÅTÑA, GUAM 96910
Telephone 477-7857

Attorneys for    *Plaintiff Chrome Hearts, Inc.*



# DISTRICT COURT OF GUAM

| | |
|---|---|
| CHROME HEARTS, INC., | CIVIL CASE NO. CV03-00012 |
| Plaintiff, | |
| vs. | |
| OLD TOWN, INC., dba GALLOP USA INDIAN ART & JEWELRY, THE BLACK BOX, and HIDY; EUN SOON AN; MYONG KI AN; YEO HOE KOO; WOOHYUN CORPORATION, dba MAUI DIVERS JEWELRY CENTER OF GUAM; DAVID K. PAK; KYONG MI PAK; WON KI PAK; GUAM PALM CORPORATION, dba HAWAIIAN SILVER; JOYEN RHEE; TAK KUN RHEE; YOUNG MI HWANG; P & J CORPORATION, dba ALOHA JEWELRY 3; JOUNG SOO SOH and SON SIM dba SILVER DECO; SUN HUI PAK dba NEW YORK COLLECTION; KUEN KYUNG NO dba THE BEAD LOVER'S; KYOUNG OK PARK dba I COLLECTION; JUNG WOO NAM dba ALMA SHOP; BONG SUN AHN dba HAPPY HAPPY GIFT SHOP; AESTHETIC APPAREL CORPORATION; WAI WAH CHAN; MAN LAM YAM; MAN YIN YAM; MI JA KIM dba ACCESSORY WORLD; SPAIN CORPORATION, dba DISCOUNT SHOP; HYUG CHANG KWON; MI OK PARK; MI EUN PARK; and, JOHN DOES 1 THROUGH 30, | **TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants. | |

//

ORIGINAL

**TEMPORARY RESTRAINING ORDER; SEIZURE ORDER; EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE BRINGING ON MOTION FOR PRELIMINARY INJUNCTION CIVIL CASE NO. CV03-00012**

Plaintiff, **CHROME HEARTS, INC.** (hereinafter "Plaintiff"), having applied *ex parte* for a temporary restraining and seizure order; order to show cause for preliminary injunction, under the Lanham Act (15 U.S.C. §1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473; order sealing file and order accelerating discovery, for the reason that Defendants appear to be, among other things, selling goods bearing a counterfeit of Plaintiff's Chrome Hearts registered trademarks, and the Court having reviewed the complaint, pleadings, moving papers, exhibits and affidavits submitted by Plaintiff, the Court finds that it clearly appears that:

a) Plaintiff is likely to succeed in showing that the Defendants used counterfeits of Plaintiff's Chrome Hearts - Family of trade and service marks (hereinafter collectively the "CHROME HEARTS trademarks"), registered in the Principal Register in the United States Patent and Trademark Office, in connection with the sale, offering for sale, and/or distribution of jewelry bags, garments and/or other items; and that

b) the sale of such merchandise bearing a counterfeit of Plaintiff's CHROME HEARTS trademarks will result in an immediate and irreparable injury to Plaintiff if seizure of such counterfeit merchandise and the records pertaining thereto is not ordered; and that

2

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

c) the Defendants, or other persons acting in concert with Defendants, may destroy, move, hide or otherwise make the merchandise bearing counterfeits of Plaintiff's trademarks and Defendants' business records inaccessible to the court, if Plaintiff was to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiff seeks in this action; and that

d) the harm to the Plaintiff of denying the requested <u>ex parte</u> seizure order outweighs the harm to the legitimate interests of Defendants from granting such an order; and that

e) Plaintiff has sufficiently identified the Defendants and the locations where they are likely to be holding and/or offering for sale merchandize bearing counterfeit of Plaintiff's trademarks and records relating thereto; and that

f) Plaintiff has represented that it has not publicized the proposed seizure order; and that

g) Plaintiff has provided the United States Attorney with reasonable notice of its application for an <u>ex parte</u> seizure order; and that

h) entry of an order other than an <u>ex parte</u> seizure order will not adequately achieve the purposes of 15 U.S.C. §1114 to preserve Plaintiff's remedies for trademark infringement, including destruction of merchandise bearing a counterfeit of

3

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

Plaintiff's trademarks and evidence of Plaintiff's lost profits and damages.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants, and each of them, and any person acting in concert with them who is served with a copy or has notice of this Order (hereinafter collectively referred to as "Defendants"), shall show cause, unless any of the Defendants waive their right to do so, before the Honorable John S. Unpingco, at the United States District Court for the District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña Guam 96910, on May 2, 2003 at 10:00 o'clock a.m. [between 10 and 15 days of this order; 15 U.S.C. §1116(D)(10)(a)], or as soon thereafter as counsel can be heard, why a preliminary injunction, pursuant to Rule 65, FED.R.CIV.P., should not be issued enjoining Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, pending the final hearing and determination of this action:

(1) From using the CHROME HEARTS, CHROME HEARTS plus Scroll Design, CHROME HEARTS plus Horseshoe Design and CHROME HEARTS plus Dagger Design trademarks as shown on Chrome Hearts' U.S. Trademark Registrations including, among others: U.S. Registration No. 1,665,791 for the CHROME HEARTS®

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

4

Case 1:03-cv-00012   Document 12   Filed 04/18/2003   Page 4 of 19

mark in International Classes 14, 18, 25 and 26; U.S. Registration No. 2,216,570 for the CHROME HEARTS plus the Scroll Design® mark in International Class 14; U.S. Registration No. 2,216,575 for the CHROME HEARTS plus the Horseshoe Design® mark in International Class 25; U.S. Registration No. 2,118,026 for the CHROME HEARTS plus the Scroll Design® mark in International Classes 18 and 25; U.S. Registration No. 2,214,642 for the CHROME HEARTS plus the Dagger Design® mark in International Class 18 and U.S. Registration No. 2,214,641 for the CHROME HEARTS plus the Dagger Design® mark in International Class 25 (hereinafter collectively referred to as the "CHROME HEARTS Registrations") (photocopies of the CHROME HEARTS Registrations are annexed to and identified as exhibits to the Complaint, or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(2) From displaying, possessing, receiving, manufacturing, assembling, distributing, advertising, promoting, returning, offering for

5

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, logos, decals, heat transfers, silk screens, emblems, signs, and other forms of markings, any packaging, tissue paper, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of Plaintiff's CHROME HEARTS Marks;

(3) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Defendants are sponsored by, authorized by, or in any way associated with the Plaintiff;

(4) From infringing Plaintiff's registered trademarks;

(5) From otherwise unfairly competing with Plaintiff;

(6) From falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff;

(7) From using any reproduction, counterfeit, copy, or colorable imitation of the CHROME HEARTS Marks or any of Plaintiff's trademarks in connection with

6

the publicity, promotion, sale, or advertising of goods sold by Defendants including, without limitation, jewelry, accessories and apparel bearing a copy or colorable imitation of Plaintiff's CHROME HEARTS Marks;

(8) From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

(9) From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff;

(10) From destroying, altering, disposing of, moving, removing, concealing, tampering with or in any manner secreting any and all business records, including electronic computing devices, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving,

7

acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the CHROME HEARTS Marks; and,

(11) From assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (10) above; and it is further

**ORDERED** that pending the hearing of Plaintiff's motion to confirm the seizure authorized herein, the Clerk of this Court is to keep and maintain under seal all papers filed herein, and that public scrutiny of such papers shall not be permitted, subject to Defendants' right to access such papers upon presenting the Clerk of this Court with proper identification after the seizure authorized herein has been carried out; and it is further

**ORDERED** that pending the hearing and determination of Plaintiff's motion for preliminary injunction, Defendants, their agents, servants, employees, officers, and all other persons in active concert or participation with them, be and hereby are, without prior written or oral notice, temporarily restrained and enjoined from, in any manner, either directly or indirectly, committing any of the acts set forth above which are sought to be enjoined by Plaintiff and from moving or removing any goods

8

bearing any simulation, colorable imitation or counterfeit of the CHROME HEARTS Marks, including any electronic computing devise, or documents related to the manufacture and sale of such goods, from any premises under the control of the Defendants; and it is further

**ORDERED** that a Federal law enforcement officer, including the United States Marshal for this District, or one or more of his deputies, or an officer or agent of the United States Customs Service, Secret Service, Federal Bureau of Investigation, or Post Office or State or Local law enforcement officer, if available, having jurisdiction assisted by one or more attorneys and/or agents of Plaintiff, is directed and permitted to search, seize and sequester the following in the possession, custody or control of Defendants in and around the following business establishments: (1) **OLD TOWN, INC.** dba Gallop USA Indian Art & Jewelry, The Black Box, and HIDY (Micronesia Mall, Dededo); (2) **WOOHYUN CORPORATION** dba **MAUI DIVERS JEWELRY CENTER OF GUAM** (the Guam Premier Outlet, Tamuning); and (3) **JUNG WOO NAM** dba **ALMA SHOP** (Tumon Market Place, San Vitores Road, Tumon):

    (a) All merchandise bearing a copy or counterfeit of the CHROME HEARTS Marks, or any markings substantially indistinguishable therefrom;

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

(b) All advertising signs, genuine Chrome Hearts-branded pieces used to induce customers to purchase counterfeit Chrome Hearts goods, banners, sample products, labels, tags, logos, emblems, signs, and other forms of markings, all merchandise packaging, tissue paper, wrappers, pouches, containers and receptacles, and all advertisements (including but not limited to Defendant Maui Jewelry's advertisement of Chrome Hearts products on the Lam Lam Trolley Bus), catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the CHROME HEARTS Marks, or any markings substantially indistinguishable therefrom;

(c) All books and records, including any electronic computing devices, evidencing, reflecting or referring to, showing or constituting: (i) Defendants' manufacture, inventory, assembly, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and, (ii) Defendants' manufacture,

10

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

        receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise; and

(d) All instrumentalities used in connection with the manufacture, assemblage and storage of materials bearing or intended to bear any copy or counterfeit of the CHROME HEARTS Marks, or any marks substantially indistinguishable therefrom, including but not limited to, all plates, molds, dies, tooling, silk screen machinery, sewing machinery, and any other machinery, silk screens, dyes and paints, assembly equipment and any other means of making the same; and

(e) All goods and related materials bearing or intended to bear, or used or to be used in the assemblage of merchandise bearing or intended to bear any copy or counterfeit of the CHROME HEARTS Marks, or any marks substantially

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

11

indistinguishable therefrom, including leather pieces and bag pieces and materials; and it is further

**ORDERED** that all such sequestered merchandise and materials and machinery shall be held by the United States Marshal or other law enforcement agency if possible, and, if not, shall be delivered under the supervision of Plaintiff's attorneys and/or their agents to a secure warehouse, and Plaintiff's attorneys shall act as a substitute custodian for the Court, and a copy of the inventory of the goods so stored and the name of the warehouse shall be provided to the United States Marshal or other law enforcement officers, who shall include such a copy with their return to the Court; and it is further

**ORDERED** that Plaintiff shall hold harmless the U.S. Marshals Service and its employees from any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third-party claims; and it is further

**ORDERED** that to the extent necessary to effect the seizure and sequestration Ordered hereinabove, the United States Marshal or law enforcement officer may use such force as may be reasonably necessary to enter the premises of Defendants

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

(including but not limited to any premises that may be closed and/or locked), and to inspect the contents of any rooms, closets, cabinets, containers, safes, desks or documents located on the premises; and it is further

**ORDERED** that anyone interfering with the execution of this Order is subject to arrest by the United States Marshal or his representative or other law enforcement officer; and it is further

**ORDERED** that the United States Marshal or other law enforcement officers shall inventory and identify any other merchandise bearing logo types or trade names found on the premises not covered by this order; and it is further

**ORDERED** that Plaintiff's counsel shall accompany and assist the United States Marshal or other law enforcement officers in determining whether or not an item is covered by the preceding paragraphs and the United States Marshal or law enforcement officers shall follow such attorney's determination; and it is further

**ORDERED**, that the Plaintiff shall be responsible to the United States Marshal and other law enforcement officers, for all of their fees and charges incurred in carrying out this Order; and it is further

**ORDERED**, that Defendants are hereby required to give a correct name, address and telephone number where they can be reached to the United States Marshal, or other law enforcement officer, and that failure to give such correct name, address and telephone number may result in contempt of this Court. Such aforementioned information which specifically identifies Defendants in connection with this Order or seizure shall not be publicly divulged by Plaintiff or its agents or attorneys to any other person not having reasonable need for such information, pending the date of the hearing set in this Order; and it is further

**ORDERED**, that Defendants show cause before this Court at the United States Courthouse, territory of Guam, on the 2nd day of May, 2003 at 10:00 o'clock a.m., or as soon thereafter as counsel can be heard, why an order should not be entered, pursuant to 15 U.S.C. 1116(d)(10)(A) confirming the seizure authorized herein; and it is further

**ORDERED**, that while Plaintiff's counsel or its agents may photocopy and review any books and records seized pursuant to this Order, they may not disclose any trade secrets or other confidential information contained in such books and records to Plaintiff or any other person pending the hearing of Plaintiff's

14

motion to confirm the seizure authorized herein; and it is further

**ORDERED** that the search, seizure, and sequestration ordered hereinabove may be photographed and/or videotaped for the purpose of authenticating and assisting in the obtaining of evidence and to prevent subsequent controversy concerning the events occurring during such search, seizure and sequestration; and it is further ORDERED, that pursuant to 15 U.S.C. 1116(d)(10)(B) and Rules 30 and 34 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff be given expedited discovery of Defendants with respect to the purchase, manufacture, receipt and/or sale of jewelry and other products and various packaging and labeling materials bearing the CHROME HEARTS Marks including discovery of the source thereof, the creation of such products, the quantity of goods bearing such trademarks ordered, in inventory and sold by Defendants, and other matters relevant to this action and that such discovery shall take place no later than one (1) day prior to the show cause hearings scheduled herein at a date and time to be noticed by Plaintiff in a Notice of Deposition; and it is further

**ORDERED** that Plaintiff be given leave to amend the Complaint to provide the identities of any John Does once they have been ascertained; and it is further

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

**ORDERED** that Plaintiff shall post an undertaking within four (4) business days of the entry of this Order with the Clerk of the Court, in the form of a bond, cash or check in the sum of Thirty Thousand Dollars ($30,000) as security for the payment of such costs and damages as may be incurred or suffered by any party who is subsequently found to be wrongfully enjoined or restrained hereby, or as a result of a wrongful seizure or wrongfully attempted seizure and such undertaking, if in the form of check or cash, shall be held in an interest bearing account; and it is further

**ORDERED** that service of the Summons and Complaint and of this Temporary Restraining Order, Seizure Order, and Order To Show Cause, together with copies of the papers in support thereof, shall be made at the time of the seizure by delivering true copies thereof to the person appearing to be in charge at the place of business of each of the Defendants; and that such service be deemed sufficient service on Defendants and such service shall be made no later than April 25, 2003; and it is further

**ORDERED** that answering papers, if any, be personally filed with this Court and personally served upon Plaintiff's counsel, Klemm, Blair, Sterling & Johnson at their offices at 1008 Pacific

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

News Building, 238 Archbishop F.C. Flores Street, Hagatna, Guam 96910 on or before April 29, 2003 at 1:00 o'clock p.m.

Defendants are hereby put on notice that failure to attend the show cause hearings scheduled herein shall result in the confirmation of the seizure authorized herein and the immediate issuance of the preliminary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of the temporary restraining order herein, and shall extend during the pendency of this suit the same injunctive relief previously granted by the temporary restraining order. Defendants are hereby further notified that they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

The Court has granted the foregoing Temporary Restraining and Seizure Orders without prior written or oral notice to Defendants for the reasons set forth below:

(a) The entry of any order other than a seizure order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act of 1984;

(b) Plaintiff has not publicized its proposed seizure order;

17

(c) Plaintiff has served the United States Attorney for this District, with appropriate notice of its application for a seizure order without notice pursuant to 15 U.S.C. 1116(d)(2);

(d) Plaintiff has provided the Court with substantial evidence that Defendants have infringed and are continuing to infringe Chrome Hearts' registered trademarks, and Plaintiff is likely to succeed in showing that Defendants have used a counterfeit mark in connection with the sale, offering for sale or distribution of goods or services;

(e) Plaintiff will incur immediate and irreparable injury if this Court declines to grant a seizure order without notice;

(f) The matters subject to said seizure order will be located at the premises of Defendants;

(g) The harm to Plaintiff should this Court decline to grant Plaintiff's motion for a seizure order without notice outweighs any harm which Defendants may incur in the event this Court grants Plaintiff's motion for a seizure order; and,

(h) Defendants, or persons acting in concert with them, would likely destroy, move, hide or

18

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857

otherwise make inaccessible to the Court the matters which are subject to the proposed seizure order if Plaintiff is required to proceed on notice.

**SO ORDERED** this 18th day of April, 2003.

_____
HONORABLE JOHN S. UNPINGCO
CHIEF JUDGE, DISTRICT COURT OF GUAM

*PRESENTED BY:*

**KLEMM, BLAIR, STERLING & JOHNSON**
A PROFESSIONAL CORPORATION

BY: _____
**JEHAN'AD G. MARTINEZ**
*Attorneys for Plaintiff Chrome Hearts, Inc.*

A62\09810-01
G:\Word97\OFFICE\WORDDOC\PLD\JGM\107B-TRO - SEIZURE ETC RE CHROME HEARTS INC.doc

RECEIVED APR 18 2003 DISTRICT COURT OF GUAM HAGATNA, GUAM

KLEMM, BLAIR,
STERLING & JOHNSON
A PROFESSIONAL CORPORATION
1008 PACIFIC NEWS BLDG
238 ARCHBISHOP
F.C. FLORES ST.
HAGÅTÑA, GUAM 96910
TELEPHONE 477-7857