FILED
DISTRICT COURT OF GUAM
APR 1 8 2003
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

| | |
|---|---|
| CHROME HEARTS, INC., | CIVIL CASE NO. 03-00012 |
| Plaintiff, | |
| vs. | |
| OLD TOWN, INC., dba GALLOP USA INDIAN ART & JEWELRY; THE BLACK BOX, and HIDY; EUN SOON AN; MYONG KI AN; YEO HOE KOO; WOOHYUN CORPORATION, dba MAUI DIVERS JEWELRY CENTER OF GUAM; DAVID K. PAK; KYONG MI PAK; WON KI PAK; GUAM PALM CORPORATION, dba HAWAIIAN SILVER; JOYEN RHEE; TAK KUN RHEE; YOUNG MI HWANG; P & J CORPORATION, dba ALOHA JEWELRY 3; JOUNG SOO SOH and SON SIM dba SILVER DECO; SUN HUI PAK dba NEW YORK COLLECTION; KUEN KYUNG NO dab THE BEAD LOVER'S; KYOUNG OK PARK dba I COLLECTION; JUNG WOO NAM dba ALMA SHOP; BONG SUN AHN dba HAPPY HAPPY GIFT SHOP; AESTHETIC APPAREL CORPORATION; WAI WAH CHAN; MAN LAM YAM; MAN YIN YAM; MI JA KIM dba ACCESSORY WORLD; SPAIN CORPORATION, dba DISCOUNT SHOP; HYUG CHANG KWON; MI OK PARK; MI EUN PARK; and, JOHN DOES 1 THROUGH 30, | DECLARATION OF AFSCHINEH LATIFI |
| Defendants. | |

//

I, **AFSCHINEH LATIFI** declare that:

1. I am a partner at the law of firm of Tucker & Latifi, LLP, of New York, New York, which has been representing Plaintiff, Chrome Hearts, Inc. ("Plaintiff"), in connection with the protection and prosecution of its intellectual property rights worldwide since as early as 1996.

2. As such, I am fully familiar with Plaintiff's CHROME HEARTS-family of trade and service marks (the "CHROME HEARTS Trademarks") and the diverse product lines in connection with which the CHROME HEARTS Trademarks are used. I am also familiar with all facts and circumstances surrounding this case.

3. Based on information received from reliable sources concerning the possible counterfeiting activities of CHROME HEARTS-branded products by various stores in Guam, in October 2002 I traveled to Guam to investigate the veracity of such information. At the outset, it should be noted that in addition to being thoroughly involved with the protection and prosecution of Plaintiff's CHROME HEARTS Trademarks, this law firm also handles the filing of copyright applications for all of Plaintiff's jewelry designs (the "Copyrighted Designs") and therefore I am also fully familiar with all of Plaintiff's numerous jewelry and apparel designs. Furthermore, in preparation for my fact-finding trip to Guam, I spent a full day at Plaintiff's retail store in New York City examining and learning to identify the characteristics of genuine CHROME HEARTS jewelry designs.

4. During my Guam trip, I visited several stores, which had been identified as being involved in the possible distribution and sale of counterfeit CHROME HEARTS-branded jewelry and accessories. These include, Aesthetic Apparel, The Black Box, I Collection, The Bead Lover's, Alma, Hawaiian Silver, Happy Happy Gift Shop and New York Collection.

5. On October 4, 2002, I purchased a ring bearing the CHROME HEARTS trademark and Plaintiff's copyrighted dagger design from Aesthetic Apparel located at JP Square. Annexed hereto and collectively identified as Exhibit 1 are photocopies of the ring and the sales receipt issued by Aesthetic Apparel. This ring has been identified as a counterfeit CHROME HEARTS-branded ring (Tucker Decl. ¶12.) Aesthetic Apparel is a shop in shop located in Superstore. I noticed that Aesthetic Apparel had approximately 25 counterfeit CHROME HEARTS branded jewelry and accessories, including rings, belt buckles and lighters.

6. On October 4, 2002, I visited The Black Box located in the Micronesian Mall. I noticed an awning above the store doorway identifying the store as "CHROME HEARTS". I purchased a pendant bearing the CHROME HEARTS trademark and Plaintiff's copyrighted dagger design from The Black Box. My purchase was placed in a shopping bag bearing the CHROME HEARTS mark. This pendant has been identified as a counterfeit CHROME HEARTS-branded pendant (Tucker Decl. ¶12.) Annexed hereto and collectively identified as Exhibit 2 are photocopies of the pendant, the shopping bag, the sales receipt issued by The Black Box and a photograph taken of the outside of the store identifying itself as "Chrome Hearts". I noticed that The Black Box had at least 80 pieces of counterfeit CHROME HEARTS jewelry, including rings, pendants, bracelets and rings.

7. On October 5, 2002, I visited a store on the second level of the Micronesian Mall called I Collection and purchased a ring bearing plaintiff's CHROME HEARTS trademark and its copyrighted heart design. My purchase was placed in a suede pouch bearing the CHROME HEARTS mark. Annexed hereto and collectively identified as Exhibit 3 are photocopies of the ring, the pouch and the sales receipt issued by I Collection. This ring has been examined and identified as a counterfeit CHROME HEARTS ring (Tucker Decl. ¶12.) While at I Collection, I

noticed that the store carried approximately 20 pieces of counterfeit CHROME HEARTS jewelry.

8. On the same day, I purchased a ring bearing plaintiff's CHROME HEARTS trademark mark and its copyrighted Keeper design from The Bead Lover's located on the first level of the Micronesian Mall at 1088 W Marine Drive, C-118, Dededo, Guam. Annexed hereto and collectively identified as Exhibit 4 are copies of the ring and the sales receipt issued by The Bead Lover's. This ring has been identified as a counterfeit CHROME HEARTS-branded ring (Tucker Decl. ¶12.) The Bead Lover's had approximately 50 pieces of counterfeit CHROME HEARTS jewelry, including rings, earrings, pendants and bracelets.

9. Also on October 5, 2002, I visited Alma Silver Collection located in Tumon Market Place, Tumon, Guam and purchased a pendant bearing the CHROME HEARTS mark and plaintiff's star design. Alma Silver is a shop in shop and upon entering the store, I noticed a CHROME HEARTS plus Horseshoe sticker on the store window implying that Alma was an authorized CHROME HEARTS store or was somehow affiliated with Plaintiff. Alma had three full counters of counterfeit CHROME HEARTS jewelry, including rings, earrings, bracelets, necklaces and some leather apparel, including two leather vests bearing counterfeit CHROME HEARTS buttons. Annexed hereto and collectively identified as Exhibit 5 are copies of the pendant, the sales receipt issued by Alma and a photograph of the store front. This pendant has been identified as a counterfeit CHROME HEARTS-branded pendant (Tucker Decl. ¶11.)

10. On October 6, 2002 I purchased a ring bearing the CHROME HEARTS mark and Plaintiff's copyrighted dagger design from Hawaiian Silver located in the Plaza, Tumon, Guam. Hawaiian Silver had a CHROME HEARTS sign on its window giving the false impression to customers that it was an authorized dealer of CHROME HEARTS products or somehow affiliated with Plaintiff. Hawaiian Silver offered a wide array of counterfeit CHROME

HEARTS products, including, jewelry, bags, belts, watch cases, apparel and teddy bears for sale. Hawaiian Silver had at least 200 pieces of counterfeit CHROME HEARTS jewelry, two shoulder bags, five lighters, several belts and one teddy bear. Annexed hereto and collectively identified as Exhibit 6 are photocopies of the ring, the sales receipt issued by Hawaiian Silver and a photograph of the store front. This ring has been identified as a counterfeit CHROME HEARTS-branded ring (Tucker Decl. ¶11.)

11. On the same day, I visited Happy Happy Gift Shop located in Tamuning, Guam across from the Outrigger Hotel and purchased a bracelet bearing the CHROME HEARTS mark and Plaintiff's copyrighted dagger design. In addition to its store awning, Happy Happy Gift Shop displayed two CHROME HEARTS signs on the front window of its store. Annexed hereto and collectively identified as Exhibit 7 are photocopies of the bracelet, the sales receipt issued by Happy Happy Gift Shop and a photograph of the store front. The bracelet purchased from Happy Happy Gift Shop has been identified as a counterfeit CHROME HEARTS-branded bracelet (Tucker Decl. ¶11.) This store had several showcases of counterfeit CHROME HEARTS jewelry, which totaled approximately 100 pieces. In addition, Happy Happy Gift Shop offered counterfeit CHROME HEARTS tee shirts for sale.

12. Finally, on October 6, 2002, I purchased a pendant bearing the CHROME HEARTS trademark and plaintiff's Cemetery design from New York Collection located at Unit 101 in the Park Arcade Building, Tumon, Guam. My purchase was placed in a suede pouch bearing the CHROME HEARTS trademark. Annexed hereto and collectively identified as Exhibit 8 are photocopies of the pendant, the pouch and the sales receipt issued by New York Collection. This pendant has been identified as a counterfeit CHROME HEARTS pendant (Tucker Decl. ¶12.) This store displayed a CHROME HEARTS sign on the outside as well as several signs inside of the store, along with a photograph of Richard Stark, the principal at

plaintiff Chrome Hearts, giving the false impression to customers that it was somehow affiliated with Plaintiff. New York Collection had at least 80 pieces of counterfeit CHROME HEARTS jewelry and several tee shirts bearing counterfeits of Plaintiff's CHROME HEARTS trademark.

13. All of the above-mentioned jewelry pieces purchased by me from the various defendants are in possession of Plaintiff's local counsel, Klemm, Blair, Sterling & Johnson, P.C., and are available for inspection by the Court should the Court so require.

Pursuant to 28 U.S.C. § 1746, I declare under penalties of perjury that all of the foregoing is true and correct.

DATED: APRIL 14, 2003

_____
AFSCHINEH LATIFI

**ATTACHMENTS: EXHIBITS 1 - 8**

A62\09810-01
G:\WORD97\OFFICE\WORDDOC\PLD\JGM\107-DECL OF A LATIFI RE CHROME HEARTS V OLD TOWN INC ET AL.DOC